## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NATHAN PETRON, | ) **Case No.: 3:21-cv-460** |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT FOR DAMAGES** |
| | ) |
| WILDERNESS HOTEL AND RESORT, INC. | ) |
| STAND ROCK HOSPITALITY, | ) |
| PLAYSMART, INC., | ) |
| THE CINCINNATI INSURANCE | ) |
| COMPANY, | ) |
| ABC INSURANCE COMPANY, | ) |
| DEF INSURANCE COMPANY, | ) |
| XYZ INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) **DEMAND FOR JURY TRIAL** |
| | ) |

Plaintiff, Nathan Petron ("Plaintiff"), individually, alleges the following upon information and belief, based upon investigation by counsel and personal knowledge:

## I.   NATURE OF THE ACTION

1. Plaintiff alleges causes of action against defendants WILDERNESS HOTEL AND RESORT, INC., a Wisconsin incorporation, STAND ROCK HOSPITALITY, and PLAYSMART, INC., (collectively, "Defendants") for damages due to negligence, violation of the safe place statute, nuisance, and strict product liability.

2. These causes of action arise from Defendants' willful actions while Plaintiff was a guest on the premises.

3. Plaintiff was a guest at the Timberland Playhouse located within Defendant's resort on July 22, 2018 when he was severely and permanently injured as a result of the negligence of Defendants.

4. Defendants failed to maintain and inspect the physical facility and failed to warn or properly warn of any potential danger of the area where Plaintiff fell.

5. Defendants further failed to warn and/or properly warn of a hidden trap or defect in the area where Plaintiff fell.

6. As a result of Defendants' violations, Plaintiff seeks to recover damages against Defendants, together with interest, costs, and disbursements.

II.   **PARTIES**

7. At all times relevant hereto, Plaintiff was an individual adult resident of the State of Minnesota.

8. Defendant WILDERNESS HOTEL AND RESORT, INC. ("Wilderness") owns, operates, and maintains the Wilderness Resort with a principle office located at 511 East Adams Street, Wisconsin Dells, Sauk County, Wisconsin 53965.

9. Defendant STAND ROCK HOSPITALITY ("Stand Rock") designed, built, or maintained the playground area at the Wilderness Resort with a principle office located at 631 Cedar Street, Wisconsin Dells, Wisconsin 53965.

10. Defendant PLAYSMART, INC. ("Playsmart") designed, built, or maintained the playground area at the Wilderness Resort with its main headquarters located at 107 N Missouri Avenue, Sedalia, Missouri 65301.

11. Defendant THE CINCINNATI INSURANCE COMPANY is an insurance company engaged in the business of selling liability insurance with its principle place of business in

2

Ohio. Upon information and belief, The Cincinnati Insurance Company issued a policy of liability insurance to defendant Wilderness which would provide coverage to it for claims such as those set forth in this Complaint.

12. Defendant ABC Insurance Company is a fictitiously named insurance company engaged in the business of selling liability insurance. Upon information and belief, ABC Insurance Company issued a policy of liability insurance to defendant Wilderness which would provide coverage to it for claims such as those set forth in this Complaint.

13. Defendant DEF Insurance Company is a fictitiously named insurance company engaged in the business of selling liability insurance. Upon information and belief, DEF Insurance Company issued a policy of liability insurance to defendant Stand Rock which would provide coverage to it for claims such as those set forth in this Complaint.

14. Defendant XYZ Insurance Company is a fictitiously named insurance company engaged in the business of selling liability insurance. Upon information and belief, XYZ Insurance Company issued a policy of liability insurance to defendant Playsmart which would provide coverage to it for claims such as those set forth in this Complaint.

## III. <u>VENUE AND JURISDICTION</u>

15. This Court has jurisdiction over Defendants as they are located in the State of Wisconsin and the actions giving rise to the injuries claimed took place within the State of Wisconsin, specifically in Sauk County.

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## IV. <u>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

### (AGAINST ALL DEFENDANTS)

### A. FACTUAL ALLEGATIONS

17. At all times relevant hereto, Plaintiff Nathan Petron was lawfully at the resort owned by Defendant as a guest on July 22, 2018. Specifically, Plaintiff was in the Timberland Playhouse located within Defendant's resort.

18. On July 22, 2018 Plaintiff was celebrating a birthday at Defendant's resort. While there, Plaintiff was playing inside the Timberland Playhouse. Plaintiff jumped to swing on a bar, the foam-covered bar spun, and Plaintiff fell on his head causing severe injuries.

19. Plaintiff was caused to fall and become injured due to the negligence of Defendant, including but not limited to negligent maintenance and inspection of the physical facility, failing to warn and/or properly warn of a potential danger of the area where Plaintiff fell, and failing to warn and/or properly warn of a hidden trap or defect in the area where Plaintiff fell.

20. That as a result of the carelessness, negligent, and unlawful conduct of Defendant, Plaintiff Nathan Petron was seriously and permanently injured in that he has incurred medical and other expenses in the past and will incur more in the future; has suffered physical and mental pain in the pasta and will incur more in the future; has suffered a loss of earnings in the past and will suffer more in the future; and further has suffered permanent impairment of his earning capacity all to his damage in a substantial amount.

## V.  <u>CAUSES OF ACTION</u>

### <u>NEGLIGENCE OF DEFENDANTS WILDERNESS, STAND ROCK AND PLAYSMART</u>

21. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

22. At and just prior to the time of said incident, defendants owed a duty of care to plaintiff

Nathan Petron and breached that duty with respect to this incident in at least the following ways: failure to maintain safe surfacing and grip coverings, failure to cure defects in the surfacing and grip coverings, and failure to warn of defects and/or unsafe conditions in the surfacing and grip coverings.

23. Defendants were negligent in the design, build, and maintenance of the Timberland Playhouse.

24. That as a direct and proximate result of the negligence of defendants, plaintiff Nathan Petron sustained injuries including, but not limited to, head, face, neck, and cervical spine injuries, and is now a quadriplegic, as well as other injuries to his body as a whole as well as other damages.

25. Due to Defendants violation of their duty owed to Plaintiff, Plaintiff is entitled to recover damages against Defendants, together with interest, costs, and disbursements.

## SAFE PLACE STATUE VIOLATION OF DEFENDANTS WILDERNESS, STAND ROCK AND PLAYSMART

26. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

27. Wisconsin's Safe Place Statute, Wis. Stat. section 101.11, mandates that all designs, builds, maintenance and areas appurtenant thereto of a structure such as the Timberland Playhouse be kept as safe for guests as the nature of the premises will reasonably permit.

28. Upon information and belief, defendants had a defect and/or unsafe condition in its premises and, as employers, owners and/or managers of the property, had actual or constructive notice of the defect and/or unsafe condition because the hazard existed for a sufficient length of time to allow a vigilant employer, owner and/or property manager the

opportunity to discover and remedy the situation due to the nature of the business and the nature of the defect and/or unsafe condition.

29. Upon information and belief, the defect and/or unsafe condition arose out of defendants' manner of doing business as employer, owners and/or managers of the property, or may reasonably be expected to occur from its method of operation for a short period of time, and possibly no appreciable period of time and thus constituted constructive notice.

30. Upon information and belief, the defect and/or unsafe condition also arises out of defendants failure to reasonably make all designs, builds, maintenance and areas appurtenant thereto of a structure, such as the Timberland Playhouse, clear of hazards, and this was a failure of defendants to maintain their premises under Wisconsin's Safe Place Law.

31. Upon information and belief, as a direct and proximate result of the Safe Place violation, said defect and/or unsafe condition in the premises was a substantial factor in causing injury and damages to plaintiff Nathan Petron.

32. Due to Defendants violation of Wisconsin's Safe Place Statute, Plaintiff is entitled to recover damages against Defendants, together with interest, costs, and disbursements.

## NUISANCE OF DEFENDANTS WILDERNESS AND STAND ROCK

33. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

34. Upon information and belief, Defendants were negligent by at least the following failures: failure to maintain reasonably safe surfacing and grip coverings; failure to warn of hazards, defects and/or unsafe conditions created by unmaintained areas; failure to warn of defects, hazards and/or unsafe conditions in the design, build, and maintenance of the

Timberland Playhouse and areas appurtenant thereto; and failure to repair or otherwise remedy hazards, defects and/or unsafe conditions in a timely manner.

35. That Defendant's negligence was a cause of an interference with their welcomed customer's use and enjoyment of the property.

36. That Defendant's interference resulted in significant harm to plaintiff and others in the community could regard the interference as substantially offensive, seriously annoying and/or intolerable.

37. As a result, the design, build, and maintenance of the Timberland Playhouse and areas appurtenant thereto constituted a nuisance under Wisconsin law and said nuisance was a substantial factor in causing injuries and damages to plaintiff.

38. Due to Defendants violation of their duty owed to Plaintiff, Plaintiff is entitled to recover damages against Defendants, together with interest, costs, and disbursements.

## STRICT LIABILITY PRODUCTS CLAIM AGAINST DEFENDANT PLAYSMART

39. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

40. Defendants are liable to Plaintiff under Wisconsin Statutes § 895.047 *et seq*. for damages caused by Plaintiff's time spent on the Timberland Playhouse. Timberland Playhouse is defective as defined by § 895.047 *et seq*. and Defendants manufactured, designed, sold, distributed, supplied and/or placed this product in the stream of commerce.

41. Timberland Playhouse was manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by Defendants, was defective in its manufacture and construction when it left the hands of Defendants in that it deviated from product specifications posing a serious risk of injury.

7

42. As a direct and proximate result of Plaintiff's time spent on the Timberland Playhouse as manufactured, designed, sold, supplied and introduced into the stream of commerce by Defendants, Plaintiff suffered harm, damages and economic loss and will continue to suffer such harm.

43. Upon information and belief, Plaintiff was injured by time spent on the Timberland Playhouse that was defectively manufactured by Defendants.

44. Timberland Playhouse is defective in its design since the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the manufacturer and the omission of the alternative design renders the product not reasonably safe.

45. As a direct and proximate result of the foregoing, Plaintiff is entitled to damages pursuant to the common law and applicable state statutes.   Further, Defendant's actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

46. Plaintiff alleges that Defendants manufactured, transferred, and sold Timberland Playhouse in the course of its business, the product was used by Plaintiff in a reasonably anticipated manner, the Timberland Playhouse was defectively designed and unreasonably dangerous and carried a defective warning at the time of sale. The defective Timberland Playhouse caused Plaintiff's injuries. The product was expected to and did reach the Plaintiff without substantial change in its condition.

47. Due to Defendants violation of their duty owed to Plaintiff, Plaintiff is entitled to recover damages against Defendants, together with interest, costs, and disbursements.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests of this Court the following relief:

1. For compensatory damages according to proof at trial in excess of $75,000;

2. For special damages according to proof at trial;

3. For attorneys' fees;

4. For costs of suit incurred herein;

5. For pre-judgment;

6. For post-judgment;

7. For general damages in an amount to be proven at trial;

8. Or declaratory relief;

9. For injunctive relief; and

10. For such other and further relief as deemed proper and just.

Dated: July 20, 2021

Jay A. Urban
Wisconsin Bar No. 1018098
**URBAN & TAYLOR S.C.**
Urban Taylor Law Building
4701 N. Port Washington Rd.
Milwaukee, Wisconsin 53212
Telephone: 414-906-1700
*jurban@wisconsininjury.com*

Michael Bryant
Minnesota Bar No. 218583
**BRADSHAW & BRYANT, PLLC**
1505 Division Street
Waite Park, Minnesota 56387
Telephone: 320-259-5414
*mike@minnesotapersonalinjury.com*
***Attorneys for Plaintiff***

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all such triable claims.

Dated: July 20, 2021

Jay A. Urban
Wisconsin Bar No. 1018098
**URBAN & TAYLOR S.C.**
Urban Taylor Law Building
4701 N. Port Washington Rd.
Milwaukee, Wisconsin 53212
Telephone: 414-906-1700
*jurban@wisconsininjury.com*

Michael Bryant
Minnesota Bar No. 218583
**BRADSHAW & BRYANT, PLLC**
1505 Division Street
Waite Park, Minnesota 56387
Telephone: 320-259-5414
*mike@minnesotapersonalinjury.com*
***Attorneys for Plaintiff***